**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES T. THOMPSON,**<br><br>**Defendant.** | **Case No. 2:23-cr-20075-HLT-1**<br>**2:26-cv-02428-HLT** |

**<u>MEMORANDUM AND ORDER</u>**

Defendant was serving an 80-month sentence after being convicted of mail fraud in April 2022. The Bureau of Prisons (BOP) was housing him at a satellite camp in Kansas. He was missing from the camp on November 9, 2023, and task force members arrested him about two weeks later in Texas. He pleaded guilty without a plea agreement to escape from custody in violation of 18 U.S.C. § 751(a). This Court sentenced him to ten months in custody consecutive to the undischarged term of imprisonment on his mail-fraud conviction and entered judgment on July 24, 2024. Defendant did not appeal.

Defendant now asks the Court to vacate his conviction and sentence under 28 U.S.C. § 2255.[1] Doc. 19. He contends his trial counsel was constitutionally ineffective because she did not advise Defendant that a consecutive sentence on his escape conviction would result in the loss of Defendant's First Step Act (FSA) time credits. The government responds by moving to dismiss the petition as time barred. Doc. 22. Because the petition is untimely and no basis for equitable tolling exists, the Court grants the government's motion and dismisses his petition.

---

[1] The Court liberally construes Defendant's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id.*

Specifically, a defendant typically has one year from the date a judgment becomes final to file a § 2255 petition. 28 U.S.C. § 2255(f)(1). Defendant's judgment became final fourteen days after it was entered on July 24, 2024. Fed. R. App. P. 4(b)(1)(A)(i), 26(a)(2). Defendant filed his petition nearly two years later, on July 24, 2026. The petition is thus untimely on its face.

Defendant argues that his petition is timely under § 2255(f)(4) and that exceptional circumstances tolled the one-year statute of limitations. Section 2255(f)(4) states that a petition is timely if filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Defendant does not specify when he learned that his new conviction and consecutive sentence meant that he lost his FSA credits, other than it was "[m]onths after his arrival at FCI-Thomson." Doc. 19 at 1. Defendant also contends that the BOP failed "to promptly notify [him] of results of its factual administrative act process, effectively overruled a judicial decision, compounding a manifest injustice that rankles and shocks the conscience." Doc. 24 at 2. And he suggests that no one alerted him that he could lose his FSA credits, which makes his petition timely.

Defendant misunderstands the application of this statutory section. "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Defendant knew in March 2024 that he pleaded guilty to escape from custody in violation of 18 U.S.C. § 751(a). Doc. 14. He knew in July 2024 that the Court imposed a consecutive sentence. Defendant cannot credibly claim discovery of new evidence. Rather, his arguments concern a new appreciation of the legal significance of these known facts about his plea and sentence. He has not even alleged that he learned that his FSA

credits were revoked within one year of filing his § 2255 motion; he states only that he learned of it "[m]onths after his arrival at FCI-Thomson." Defendant filed his motion on July 24, 2026. This means he would have had to learn that his FSA credits were revoked after July 23, 2025, to make his filing timely. Defendant does not affirmatively allege a date after July 23, 2025. Neither is it reasonable to infer that he did not know or could not have known through due diligence that his FSA credits had been revoked before July 24, 2025.[2]

Defendant also argues the one-year limitation should be equitably tolled. Equitable tolling requires extraordinary circumstances and diligence. *Lawrence v. Florida*, 549 U.S. 327, 335 (2007). "[A] lack of awareness of the law or lack of assistance in collateral review does not constitute the type of extraordinary circumstances warranting equitable tolling." *Collins*, 364 F. App'x at 498 (finding no extraordinary circumstances when a defendant only learned of his ineffective assistance of counsel claim when he hired new counsel) (citing *Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008)). Defendant claims that his right to due process was violated by the way his new ten-month sentence interacted with his prior offense. He refers to the loss of his FSA credit as an "administrative upward departure" that only serves as a "reign of terror, a tyranny to further oppress the populace without a corresponding rational basis." Doc. 24 at 4.

These facts are not enough for either extraordinary circumstances or diligence. It is unfortunate that Defendant's decision to escape from custody had a larger impact on his prison sentence than he anticipated. But the BOP has the authority to make decisions that collaterally impact a prisoner's sentence such as FSA credits. *See United States v. Smith*, 2026 WL 1469401, at *8 (N.D. Ohio 2026). And defense counsel's failure to discuss the possibility of losing FSA

---

2 BOP guidance explains that an inmate at a BOP facility can bring questions or requests for the sentence computation printout to his assigned case manager or the correction system staff on site once an inmate arrives at his designated institution. *See* https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp (last visited Nov. 12, 2026).

credits with Defendant did not violate his right to due process. Defendant does not allege that counsel affirmatively misrepresented whether his new conviction would impact his FSA credits. Stated differently, this case does not present a situation where Defendant alleges he received "gross misadvice" on a collateral issue. *See Sims v. United States*, 785 F. App'x 632, 634 (11th Cir. 2019) ("[A]ffirmative misadvice about the collateral consequences of a guilty plea may constitute ineffective assistance of counsel [as it may] . . . 'render the guilty plea constitutionally uninformed.'" (citation omitted)); *Andrews v. United States*, 2024 WL 5147611, at *4 (E.D. Va. 2024). Defendant's claims are time-barred.[3] The Court grants the government's motion and dismisses Defendant's petition.[4]

Rule 11 of the Rules Governing § 2255 proceedings directs the Court to issue or deny a certificate of appealability upon issuing a final adverse order. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional

---

3 The Court dismisses Defendant's motion without an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

4 The Court does not need to address the merits of Defendant's § 2255 motion, namely that counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to advise him that an escape conviction is an excluded offense, that the BOP may aggregate his escape and mail-fraud sentences if the sentences were run consecutively, and that aggregation would result in a loss of his FSA time credits. But it seems this argument would face long odds. On performance, FSA time credits are an administrative benefit administered by the BOP, not a direct consequence of conviction or sentence. The Tenth Circuit held in *Varela v. Kaiser*, 976 F.2d 1357 (10th Cir. 1992), that the Sixth Amendment does not extend to collateral aspects of the prosecution. Although the Supreme Court later held in *Padilla v. Kentucky*, 559 U.S. 356 (2010), that counsel does have a duty to advise about deportation risk when it is clear (overruling that portion of *Varela*), the broader principle in *Varela* appears to still apply. *See United States v. Tuakalau*, 562 F. App'x 604, 608 (10th Cir. 2014). And, regardless, most federal courts still treat most BOP-administrative matters (e.g., good-conduct-time adjustments, programming eligibility, etc.) as collateral matters. *See United States v. Wu*, 2026 WL 2425823, at *4-5 (W.D. Okla. 2026) (collecting cases); *see also Mersier v. United States*, 2026 WL 1615319, at *6-7 (S.D. Fla. 2026) (rejecting similar § 2255 challenge). In addition, at the time of his plea and sentencing, courts were still litigating the precise interaction between § 3584(c) aggregation and § 3632(d)(4)(D) disqualification. *See, e.g.*, *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024) (outlining in footnote 4 other circuit rulings). Defendant does not cite any Tenth Circuit decision on this issue before his plea or sentencing (or even to date). On prejudice, Defendant does not state that he would not have pleaded guilty had he known about this issue. He likewise has not explained how any other outcome was possible; he had an open plea, and the Court imposed a low-end sentence. *See United States v. Dominguez*, 998 F.3d 1094, 1116-1119 (10th Cir. 2021) (observing the difficulties inherent in showing a defendant suffered prejudice because he might have had a better plea-negotiation position had he received effective assistance of counsel).

right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The Court finds that Defendant has shown neither and thus denies a certificate of appealability.

THE COURT THEREFORE ORDERS that Plaintiff's motion to dismiss (Doc. 22) is GRANTED. Defendant's § 2255 motion (Doc. 19) is DISMISSED. The Court DENIES a certificate of appealability.

IT IS SO ORDERED.

Dated: November 13, 2026

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE